**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CORNELIUS BROWN** (R-09994), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17 C 1203 |
| | ) | |
| **RANDY PFISTER**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Cornelius Brown ("Brown") has utilized a portion of the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983," together with a self-prepared hand-printed "Preliminary Statement" of some seven pages plus a two-page demand for relief, to assert a claim of deprivation of his constitutional rights by a number of defendants associated with Stateville Correctional Center ("Stateville," where he is in custody) and by a member of the Illinois Department of Corrections Administrative Review Board. This Court has conducted the preliminary screening called for by 28 U.S.C. § 1915A(a)[1] and, as explained in this sua sponte memorandum opinion and order, it finds that Brown has pleaded himself out of court.

According to the Complaint's sometimes-day-by-day narrative, Brown had no cold water in his Stateville cell from June 24, 2016 for a period of "52 days and counting"[2] despite his numerous oral complaints to Stateville personnel and his filing of an emergency grievance form.

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

[2] That characterization carried the time frame from June 24 to August 15, 2016.

That assertedly led to Brown's suffering stomach pains, and on sick call he was given some Tylenol tablets, a container of milk of magnesia and some doctor-prescribed fiber pills. But this opinion need not determine whether that description meets the standard of deliberate indifference to serious medical needs that Estelle v. Gamble, 429 U.S. 97 (1976) and its many progeny have held actionable in the constitutional terms needed to invoke 42 U.S.C. § 1983, for Brown's own allegations confirm that this action flounders on his failure to satisfy this precondition to suit established by Congress in 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In that respect Brown's first exhibit is an Illinois Department of Corrections "Offender's Grievance" form dated July 10, 2016 that he himself describes as "an emergency grievance to Warden Pfister"[3] -- a submission that was met with the Chief Administrative Officer's answer to the question "Is this determined to be of an emergency nature?" by checking this response:

> No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

And the only other Complaint exhibit that bears on the above-quoted 42 U.S.C. § 1997e(a) precondition to suit is an August 15, 2016 "Administrative Review Board Return of Grievance or Correspondence" that expressly identified the need for this additional information:

> Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
>
> Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

---

[3] Warden Pfister is the first-named defendant in Brown's Complaint.

Nothing in that sequence, which was followed by silence until Brown filed this action fully six months later (Brown's papers were received in the Clerk's Office on February 15, 2017), even begins to approach compliance with the congressionally-enacted precondition, and that torpedoes Brown's lawsuit. This Court accordingly dismisses both the Complaint and this action.

Left unexplained by Brown are the reasons (1) for his account of events to have stopped where it did or (2) for what led him to wait this long to have pursued his claim in the proper way and then to come to this Court without his having done so. Nor does Brown suggest any rational basis for his self-evaluation that entitles him to demand an aggregate of $250,000 in damages jointly and severally against four of his named defendants, plus another $250,000 jointly and severally against Warden Pfister and the Administrative Review Board person who simply requested that he provide additional information that was obviously needed for purposes of evaluating his claim for review, and plus another $250,000 against Warden Pfister individually -- a total of $750,000 -- let alone to justify his further demand of $250,000 against each defendant (an additional aggregate of $1.5 million) "for their malicious and willfull [sic] misconduct, while acting under color of law and engaging in unconstitutional acts that as [sic] caused plaintiff to suffer from a serious physical injury."[4]

One final note is in order. By instituting this action Brown has rendered himself liable for payment of the $350 filing fee on an installment basis as prescribed by Section 1915, but his contemporaneously-tendered Clerk's-Office-supplied form of In Forma Pauperis Application ("Application") has not complied with the Section 1915(a)(2) requirement that the Application must be supplemented with a certified copy of his trust fund account statement for a period of six

---

[4] It is hard to avoid the sense that in Brown's case his greed may outweigh his need, but no such conclusion is required to support this opinion's dismissal of his lawsuit.

months immediately preceding the filing of his Complaint. Instead the last entry on the printout that he has tendered is dated a full month before its receipt in the Clerk's Office. Accordingly this Court's odd-numbered law clerk is currently requesting that Stateville's trust fund personnel provide a supplemental printout covering the period from January 13 through February 13, 2017 (the latter date is the presumptive date of "filing" of the Complaint under the "mailbox rule" prescribed by Houston v. Lack, 487 U.S. 266 (1988)). When that added information is received, this Court will issue a supplement to this opinion dealing with Brown's filing fee obligation.

Milton I. Shadur
Senior United States District Judge

Date: February 17, 2017